# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MAHONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV00113 ERW |
| | ) | |
| MISSOURI BOARD OF | ) | |
| PROBATION AND PAROLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Michael Mahone (registration no. 507024), an inmate at Farmington Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.97. See 28 U.S.C. ' 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this action pursuant to 28 U.S.C. ' 1915(e)(2)(B).

## 28 U.S.C. ' 1915(b)(1)

Pursuant to 28 U.S.C. ' 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire

fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. ' 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement. A review of plaintiff's account indicates an average monthly deposit of $10.98, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.97, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. ' 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from

a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include Alegal conclusions@ and A[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements.@ Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a Acontext-specific task that requires the reviewing court to draw on its judicial experience and common sense.@ Id. at 1950. The plaintiff is required to plead facts that

show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. ' 1983 against the Missouri Board of Probation and Parole. Plaintiff asserts that his civil rights were violated when he was denied entrance into the drug treatment program prior to his sentencing at his state criminal trial in July of 2000. He claims that he was admitted to the "same" drug treatment program by the Board of Probation and Parole that he had been denied entrance into in 2000 after "doing 2 ½ years" on his sentence in the Missouri Department of Corrections. Plaintiff states that he is currently "doing "7 years on 80%" of his sentence. He claims that if he would have been found eligible for the drug treatment program prior to being sentenced in July of 2000, he "would not have been a DOC commitment and would have now only had 50% of 7 instead of 80%."

Plaintiff seeks monetary and injunctive relief for the purported violations of his constitutional rights.

**Discussion**

Plaintiff=s complaint essentially alleges that the purported actions of the Missouri Board of Probation and Parole, the Director of the Missouri Department of Corrections, George Lombardi, the prosecutor in his criminal case, David Truman and "Justice Services," violated his constitutional rights because he was sentenced to more time than he believed he should have gotten because he was not accepted into the Missouri Drug Treatment Program prior to being sentenced in July of 2000.

Plaintiff's claims should be dismissed because judgment in favor of plaintiff would Anecessarily imply the invalidity of his conviction or sentence.@ Heck v. Humphrey, 512 U.S. 477, 487 (1994); Simmons v. O'Brien, 77 F.3d 1093 (8th Cir.1996). When a prisoner seeks damages for an illegal conviction, imprisonment, or other act that would Anecessarily@ render his conviction or sentence invalid, the prisoner must first prove the conviction or sentence has been invalidated through appropriate channels. Heck, 512 U.S. at 486B87. Plaintiff's claims are not ripe until his underlying conviction or sentence has been set aside.

Likewise, where a state prisoner seeks damages and declaratory relief in an action challenging the validity of procedures used to deprive him of good-time credits or which otherwise affect his out-date, and the challenge to the procedures necessarily implies that the punishment imposed was invalid (*i.e.*, necessarily implies that the denial of good-time credits or other "time-off dates were invalid), the claim is not cognizable under 42 U.S.C. ' 1983. Edwards v. Balisok, 520 U.S. 641, 646 (1997); Portley-El v. Brill, 288 F.3d 1063 (8th Cir. 2002). To challenge his state conviction or sentence in federal court, plaintiff must petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 501 (1973) (inmates cannot use ' 1983 to attack the validity or length of their confinement without first exhausting state remedies; habeas corpus, not ' 1983, is the exclusive federal remedy when a state prisoner seeks restoration of good time credits taken away by a prison disciplinary proceeding). Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. ' 2254(b)(c); Rose v. Lundy, 455 U.S. 509, 520 (1982); Powell v. Wyrick, 657 F.2d 222 (8th Cir.1981). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given

primary responsibility in their own criminal cases.  Fay v. Noia, 372 U.S. 391(1963);   Tyler v. Swenson, 527 F.2d 877 (8th Cir.1976).

Moreover, the Court notes that inmates do not have a liberty interest in conditional release or in the programs offered for extension of conditional release by the Missouri Department of Probation and Parole.  Greenholtz v. Inmates of Neb. Penal Corr. Complex, 442 U.S. 1, 7 (1979) (Athere is no constitutional inherent right of a convicted person to be conditionally released before the expiration of a valid sentence@).  Inmates only have a constitutional liberty interest in conditional release if such an interest is created by state statute. Id. Missouri does not by statute create a liberty interest in conditional release.  Adams v. Agniel, 405 F.3d 643, 644 (8th Cir.2005);   Johnson v. Missouri Bd. of Prob. & Parole, 92 S.W.3d 107, 113B14 (Mo.App.2002);   Dace v. Mickelson, 816 F.2d 1277, 1280B81 (8th Cir.1987).   Because Missouri inmates have no liberty interest in conditional release, they also have no liberty interest in any condition or conditions imposed as a part of their grant of conditional release. See Patterson v. Webster, 760 F.Supp. 150, 153 (E.D.Mo.1991) (because no liberty interest in conditional release, no procedural protections attach to the conditions imposed by the Parole Board).  Further, even if the condition imposed on

or before plaintiff's sentencing, or even now with his admittance to the drug treatment program, violated state law or the institutional policies and procedures of the Missouri Department of Corrections, plaintiff has no liberty interest in defendants following such state law, policies or procedures. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir.2003) ( citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir.1996)). As such, plaintiff's allegations fail to state a claim upon which relief may be granted relating to his asserting regarding the loss of his Acredits@ or his purported Aearly release date.@

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff=s motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.97 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to AClerk, United States District Court,@ and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 24th day of March, 2014.

*E. Richard Webber*
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE